IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HOSKIN individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC.,<br><br>Defendant. | CASE NO.: 7:23-cv-06413-KMK |

## STIPULATED PROTECTIVE ORDER

The Discovery Materials to be exchanged throughout the course of the litigation between the Parties may contain confidential, proprietary, private, commercially and competitively sensitive information, including information regarding proprietary manufacturing processes, business systems, economically sensitive information, personal identifying information of Plaintiff, and other individuals, and other competitively sensitive information within the meaning of Federal Rule of Civil Procedure 26(c), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order.

### I. DEFINITIONS

1.  The term "Confidential Information" means and includes information contained or disclosed in any Discovery Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential by any Party to which it belongs.

1

2. The term "Confidential Material" means Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

3. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff who are both assigned to this action and employed in the following law firms: (1) Weil, Gotshal & Manges, LLP; and (2) Bursor & Fisher, P.A. "Counsel" also includes in-house attorneys for Defendant, and any authorized third party vendor retained by the Parties or their counsel to aid in the discovery process (including, for example, E-Discovery vendors and/or attorneys retained on a contract basis to aid in document review and production), who acknowledge and sign the agreement to abide by this order, which is attached hereto as Exhibit A.

4. The term "Producing Party" means a party which provides Discovery Materials in any form pursuant to discovery requests in this action.

5. The term "Receiving Party" means a party which receives discovery in any form pursuant to discovery requests in this action.

## II. GENERAL RULES

6. Each Party (or non-party) to this litigation that produces or discloses any Discovery Materials that the Producing Party believes is or contains Confidential Information subject to this Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Confidentiality Designation").

   a. Designation as "CONFIDENTIAL": Any Party may designate Discovery Material as "CONFIDENTIAL" if it believes in good faith that disclosure of such information could be potentially prejudicial to the business or operations of such Party.

2

b. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

7. Where the Discovery Material is a document in electronic or hard copy form, the Confidentiality Designation shall be made, where possible, on the face of the document. Where that is not possible, the Confidentiality Designation shall be made in a reasonable manner. Unless impossible, the Confidentiality Designation shall be made in a manner which is the same as or similar to the manner used to associate a so-called "Bates" number with the document or item.

8. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information:

a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such Confidentiality Designation must be made on the record whenever possible, but a Party may make the Confidentiality Designation after transcription of the proceedings; a Party shall have until fourteen (14) days after receipt of the deposition transcript to inform the other Party or parties to the action of its Confidentiality Designation(s).

b. the Producing Party will have the right to exclude from attendance at any deposition, during such time as Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, the videographer, and any person agreed upon in writing by the Parties; and

3

Case 7:23-cv-06413-KMK  Document 32  Filed 12/12/23  Page 4 of 16

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal in accordance with Rule IX of the Individual Rules of Practice of the Honorable Kenneth M. Karas, identified as being subject to this Order, and protected from being opened except by order of this Court.

    d. No party will simply designate an entire deposition or large portions of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" unless the entire deposition or the designated parts are in fact believed to fit the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY". Notwithstanding this provision, a party may designate an entire deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until no later than the 30th day after the transcript is delivered to any party or the witness. Within this time period, the designating party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that have "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order governing Confidential Material.

9.     All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—and any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source—must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event,

must not be used for any purpose other than in connection with this litigation only, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

10. Discovery Material designated "CONFIDENTIAL" must be viewed only by Counsel (including their staff and associates), the Court and its personnel, persons shown on the face of the document to have authored or received it, by independent experts (including professional jury or trial consultants and mock jurors), and by the additional individuals listed below, provided each such expert and/or individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Individual Parties and employees of a Party, but only to the extent Counsel reasonably believes in good faith that the employee's assistance is necessary to the conduct of the litigation in which the document is disclosed;

    b. Persons specifically engaged for the limited purpose of making copies of documents, or organizing, processing, searching, redacting, or producing documents, or organizing, editing, or displaying documents or deposition testimony for audio-visual presentation at depositions, hearings, trial or other proceedings in this litigation, including but not limited to outside vendors hired to process electronically stored information;

    c. Consultants or investigators employed by any of the Parties or Counsel for any of the Parties to assist in the litigation, preparation and/or trial of this action;

    d. Any person that the Parties agree in writing may have access to such Confidential Information.

11. Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be viewed only by Counsel (including their staff and associates), the Court and its personnel, persons shown on the face of the document to have authored or received it, and by independent experts (including professional jury or trial consultants and mock jurors), and by

5

the additional individuals listed below, provided each such expert and/or individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Persons specifically engaged for the limited purpose of making copies of documents, or organizing, processing, searching, redacting, or producing documents, or organizing, editing, or displaying documents or deposition testimony for audio-visual presentation at depositions, hearings, trial or other proceedings in this litigation, including but not limited to outside vendors hired to process electronically stored information;

    b. Consultants or investigators employed by any of the Parties or Counsel for any of the Parties to assist in the litigation, preparation and/or trial of this action;

    c. Any person that the Parties agree in writing may have access to such Highly Confidential Information.

12.    Under no circumstances may Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be disclosed to any individual who is currently an officer, director, or employee of any entity that is engaged in formulating, manufacturing, advertising, and/or sale of food or beverage products ("Competitor"). Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" also may not be disclosed under any circumstances to any individual who is currently a consultant or agent for any Competitor in areas relating to the formulation, manufacture, advertisement, and/or sale of food or beverage products. If the provisions in this paragraph restrict a Party's use of an expert witness retained by the Party, the Parties may meet and confer regarding alternative safeguards for Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the Parties are not able to reach agreement in writing on appropriate safeguards, a Party may file a motion for relief from this Paragraph before the Court.

13. All Discovery Material which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of Counsel for the Receiving Party, except that independent experts permitted to receive Confidential Information under this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Confidential Information may be referred to in written discovery requires and responses, and in motions, briefs or other court filings, as necessary in connection with this action, provided, however, that the Party filing any motion, brief, or other paper with the Court shall redact or otherwise exclude from the filing any non-essential Confidential Information. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." Any motion, brief, or other paper filed with the Court referring to Confidential Information that is essential to the filing, or any other document or paper that has not been redacted shall be filed under seal, pursuant to an appropriate application to the Court as set forth in Paragraph 15.

15. No document shall be filed under seal unless filed pursuant to the procedures of securing a court order allowing the filing of a document under seal under Rule IX of the Individual Rules of Practice of the Honorable Kenneth M. Karas. An application to file a document under seal shall be served on opposing Counsel, and on the person or entity that has custody and control of the document, if different from opposing Counsel. If opposing Counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he or she must file a memorandum opposing sealing within fourteen (14) days of the filing of the motion for sealing.

16. Regardless of Confidentiality Designation, no Discovery Materials may be used for any purpose other than litigating this case. Non-confidential documents need not be filed under

seal and are not subject to the same restraints for use within the litigation, but they still may not be used for any purpose other than the litigation of this action only. Counsel, and each person receiving Discovery Materials must take reasonable precautions to prevent the unauthorized use of such information.

17. At any stage of these proceedings, any Party may object to the Confidentiality Designation of Discovery Materials. The objecting Party must notify, in writing, Counsel for the Producing Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven (7) days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

19. No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

20. If a Party, through inadvertence, produces any Confidential Information without a Confidentiality Designation, the Producing Party may give written notice to the Receiving Party

8

that the Discovery Material is deemed Confidential Information, and that the Discovery Material should be treated as such in accordance with this Order. The Receiving Party must treat the Discovery Materials as Confidential Information, once the Producing Party so notifies the Receiving Party. If the Receiving Party has disclosed the Discovery Material before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21. Nothing within this order will prejudice the right of any Party to object to the production of any Discovery Material on the grounds that it is protected as privileged or protected attorney work product.

22. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed in violation of this order.

23. This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or the Local Rules of this Court.

24. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25. Upon final termination of this action, including any and all appeals, Counsel for each Party must, upon request of the Producing Party, return all Discovery Materials to the Producing Party, including any copies, excerpts, and summaries of that information, or must

destroy the same at the option of the Receiving Party. Whether opting to return or destroy all Discovery Materials, the Receiving Party must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, expert reports, and other documents filed with the Court that refer to or incorporate Discovery Materials, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Discovery Materials need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Within sixty (60) days of the final resolution of the action, whether the Discovery Materials are returned or destroyed, the Receiving Party must submit a written certification to the Producing Party that (1) identifies (by category, where appropriate, such as "all electronically produced materials") all the Discovery Materials that were returned or destroyed, and (2) affirms that the Receiving Party (including any experts and consultants for the Receiving Party) has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Discovery Materials.

26.     The restrictions and obligations set forth within this order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the designating Party. Prior knowledge must be established by pre-production documentation.

27.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

10

28. If a Party is served with a subpoena, court order, or other formal judicial or regulatory request for information that compels disclosure of any Confidential Information (an "Outside Demand"), that Party must promptly (within three business days) notify the Producing Party in writing. Such notification shall include a copy of the Outside Demand. The Party served with an Outside Demand shall notify in writing the Party who issued the Outside Demand that some or all of the material covered by the Outside Demand is subject to this Order. Such notification shall include a copy of this Order. The Party receiving an Outside Demand must coordinate and reasonably cooperate with the Producing Party whose Discovery Materials may be affected in responding to the Outside Demand. Any costs and fees in objecting to request will be paid by the Producing Party. Nothing in this paragraph will require the Receiving Party to violate a subpoena or Court Order.

29. If a third party produces documents or testimony which contain Confidential Information of a Party, the Parties agree that this order shall allow the relevant Party to designate that Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. A copy of this Order shall be served along with any subpoena served on a third party in connection with this action.

30. Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 4.4 of the Model Rules of Professional Conduct, an inadvertent production of privileged or otherwise protected material shall not operate as a waiver of the relevant privilege or protection in the pending case or in any other federal or state proceeding, and Counsel who receive a document which Counsel knows was inadvertently sent shall promptly notify the sender. Furthermore, the mere production of Electronically Stored Information in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

31. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

Case 7:23-cv-06413-KMK   Document 30   Filed 12/08/23   Page 12 of 16
Case 7:23-cv-06413-KMK   Document 32   Filed 12/12/23   Page 12 of 16

32. This Order may be modified by agreement of the Parties, subject to approval by the Court.

33. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

34. Without separate court order, this Order and the Parties' stipulation does not change, amend, or circumvent any court rule or local rule.

35. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

36. The obligations imposed by this Order shall survive the termination of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 8, 2023       /s/ Joseph Marchese

**BURSOR & FISHER, P.A.**

Joseph I. Marchese
Max S. Roberts
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
jmarchese@bursor.com
mroberts@bursor.com

Neal J. Deckant
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ndeckant@bursor.com

*Attorneys for Plaintiff*

DATED: December 8, 2023       /s/Robert Niles-Weed

**WEIL, GOTSHAL & MANGES LLP**

Robert B. Niles-Weed
Katheryn Maldonado
757 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8651
Facsimile: (212) 310-8007
Robert.Niles-Weed@weil.com
Katheryn.Maldonado@weil.com

Andrew S. Tulumello (*pro hac vice*)
Claire L. Chapla (*pro hac vice*)
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Drew.Tulumello@weil.com
Claire.Chapla@weil.com

*Attorneys for Defendant PepsiCo, Inc.*

Case 7:23-cv-06413-KMK    Document 30    Filed 12/08/23    Page 14 of 16

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____12/11/23_____
    White Plains, New York

              _____
              KENNETH M. KARAS
              UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My present employer is _____ and the address of my present employment is _____.

2. My present occupation or job description is _____.

3. I have read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

4. I will hold in confidence and not disclose to anyone not qualified to receive Confidential Information under the Stipulated Protective Order any Confidential Information, or any words, summaries, abstracts, or indices containing this information.

5. I will limit use of Confidential Information disclosed to me to solely for purposes of this action.

6. No later than 30 days after the final conclusion of the case, I will return or destroy all Confidential Information, including any summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

7. I agree to submit to the jurisdiction of this Court to resolve all disputes relating to this Agreement, my compliance with this Agreement, and the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____

(Signature)

_____

(Printed Name)